UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON AT SPOKANE

| | |
|---|---|
| PAUL E. STATLER, individually, TYLER W. GASSMAN, individually, and ROBERT E. LARSON, individually,<br><br>Plaintiffs,<br>v.<br><br>SPOKANE COUNTY, WASHINGTON, a municipal corporation; DOUGLAS MARSKE and WILLIAM FRANCIS,<br><br>Defendants. | No. 2:15-CV-00332-TOR<br><br>**COMPLAINT FOR DAMAGES AND FOR VIOLATIONS OF CIVIL RIGHTS**<br><br>**JURY DEMAND** |

COME NOW the above-named Plaintiffs, by and through their attorneys of record, Connelly Law Offices, PLLC, and by way of claim allege upon personal knowledge as to themselves and their own actions, and upon information and belief upon all other matters, as follows:

## I.    OVERVIEW

1.1    This case involves Defendants Spokane County and Det. Douglas Marske ("Marske") and Det. William Francis ("Francis")'s violation of Plaintiffs, Paul E. Statler, Tyler W. Gassman, and Robert E. Larson's constitutionally protected right to due process under the Fourteenth Amendment to the United States Constitution through direct and

COMPLAINT FOR DAMAGES AND
FOR VIOLATIONS OF CIVIL RIGHTS - 1 of 19

**CONNELLY LAW OFFICES, PLLC**
2301 North 30th Street
Tacoma, WA 98403
(253) 593-5100 Phone - (253) 593-0380 Fax

improper tampering with material witnesses, recklessly investigating the crimes that they were accused of, failing to document and turn over material exculpatory evidence, and other violations which both individually and cumulatively deprived these three young men of their constitutional right to liberty through a fair criminal proceeding and a fair trial.

1.2     Marske and Francis pursued this investigation despite the fact that there was no evidence connecting these three young men to these crimes and despite the fact that one of the individuals involved had told them that these three young men had nothing to do with the crimes. Marske and Francis continued to press forward, deliberately ignoring this evidence, failing to document, disclose, and turn over material exculpatory evidence, and instead threatened a material witness that he would be charged with perjury if he testified on behalf of the defense. These threats were highly improper, were untrue, and directly resulted in these three young men's conviction for a crime that they did not commit.

1.3     After spending approximately three years in prison Statler, Gassman, and Larson contacted the Innocence Project Northwest ("IPNW"). The IPNW conducted an investigation and found that substantial amounts of exculpatory information had not been obtained in the police investigation, that the date of the crime had been changed based on misleading and incomplete information obtained by Marske and Francis, and that a material witness, Anthony Kongchunji had not been called at trial.

1.4     On December 14, 2012, Statler, Gassman, and Larson sought to have their convictions vacated based on this new, previously undisclosed, evidence. The motions were heard before the Honorable Michael P. Price who found that based on new, previously

COMPLAINT FOR DAMAGES AND
FOR VIOLATIONS OF CIVIL RIGHTS - 2 of 19

**Connelly Law Offices, pllc**
2301 North 30th Street
Tacoma, WA 98403
(253) 593-5100 Phone - (253) 593-0380 Fax

undisclosed evidence, that the convictions should be vacated.  Judge Price entered findings of fact and conclusions of law on the motions on January 4, 2013 and vacated their convictions.

1.5    Even after the convictions were vacated Spokane County persisted in their relentless pursuit of these three young men.  The charges were not dismissed and they were threatened with a re-trial.  This was done even though there was absolutely no evidence connecting them to the crime, Marske and Francis had been involved in misconduct in both this case as well as subsequent cases where Marske was accused of providing a false affidavit.  This exculpatory *Brady* evidence was not turned over to the defense and was withheld.  Eventually, after many additional months of their liberty being threatened Spokane County finally agreed to dismiss the charges against them.  By this time, they had been incarcerated for nearly five years and had been charged with four crimes that they did not commit.

1.6    Spokane County Marske and Francis' relentless pursuit of these three innocent men, failure to properly train and supervise its employees regarding proper investigative techniques, properly documenting and disclosing material exculpatory evidence, and with deliberately tampering with material witness testimony violated their constitutional right to liberty and due process under the Fourteenth Amendments to the United States Constitution.

## II.    PARTIES

2.1    Plaintiffs Paul E. Statler, Tyler W. Gassman, and Robert E. Larson are individuals currently residing in Spokane which is in the Eastern District of Washington.

2.2    Defendant Spokane County is a political subdivision located within the Eastern District of Washington.

2.3    Defendant Douglas Marske is a Sheriff's Deputy employed by the Spokane

COMPLAINT FOR DAMAGES AND
FOR VIOLATIONS OF CIVIL RIGHTS - 3 of 19

**CONNELLY LAW OFFICES, PLLC**
2301 North 30th Street
Tacoma, WA  98403
(253) 593-5100 Phone - (253) 593-0380 Fax

County Sheriff's Office which is located in the Eastern District of Washington. Douglas Marske's actions as described herein were done in furtherance of his position as a Spokane County Sheriff's Deputy and were done under color of law.

2.4  Defendant William Francis was formerly a Sheriff's Deputy employed by the Spokane County Sheriff's Office which is located in the Eastern District of Washington. William Francis' actions as described herein were done in furtherance of his position as a Spokane County Sheriff's Deputy and were done under color of law.

### III.  JURISDICTION AND VENUE

3.1  This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

3.2  Venue is proper in the Eastern District of Washington pursuant to 28 U.S.C. § 1391 because Defendant Spokane County is located in this judicial district and because a substantial portion of the events and omissions giving rise to this claim occurred in Spokane County, Washington, within the Eastern District of Washington.

### IV.  STATEMENT OF FACTS

**A. Introduction.**

4.1  On February 17, 2009 Paul Statler, Tyler Gassman, and Robert Larson were wrongly convicted of a crime that they did not commit. Their convictions were obtained through false accusations and testimony of a teenager who admitted his own role in the crime and was convinced by the police to testify against Statler, Gassman, and Larson in exchange for a plea deal. There was absolutely no evidence connecting Statler, Gassman, and Larson to any of the crimes and they had nothing to do with any of the crimes. The crimes were committed by four other individuals: Anthony Kongchunji, Nicholas Smith, Larry Dunham,

COMPLAINT FOR DAMAGES AND
FOR VIOLATIONS OF CIVIL RIGHTS - 4 of 19

**CONNELLY LAW OFFICES, PLLC**
2301 North 30th Street
Tacoma, WA  98403
(253) 593-5100 Phone - (253) 593-0380 Fax

and Matthew Dunham.

4.2     The convictions were obtained through incredibly faulty, reckless, and substandard police work, failing to perform an appropriate investigation, failing to properly interview witnesses, ignoring material evidence, failing to document and turn over important exculpatory information, and through directly tampering with and threatening a material witness who had come forward voluntarily to testify in Statler, Gassman, and Larson's defense.  The testimony of this witness was material and would have made a difference in the outcome of the trial.  Marske and Francis learned that this witness intended to testify in Plaintiffs' defense and threatened him that he would face perjury charges if he testified.  As a result of this false and unfounded threat the witness refused to testify at trial.

**B.  2008 "Drug-Rip" Robberies.**

4.3     In 2008 Anthony Kongchunji, Matthew Dunham, Larry Dunham, and Nicholas Smith engaged in a series of robberies known as "drug-rip" robberies.  Each of the robberies targeted a known or suspected drug dealer, involved the same individuals dressed in dark clothing with bandannas to hide their faces, and involved the use of a red pickup getaway car.  Each robbery involved stealing either money or drugs.  There were five such robberies that occurred in Spokane that year and three occurred within a week.

4.4     On April 23, 2008, Matthew Dunham, Larry Dunham, Nicholas Smith, and Anthony Kongchunji were arrested on suspicion of robbery.  Earlier that evening the four had robbed two people whom they knew, Aramis Turner and Jenna Hall.  During this robbery, Turner/Hall recognized Anthony Kongchunji and Larry Dunham as two of the assailants.

4.5     The police were called and they went to Smith's apartment and found and

COMPLAINT FOR DAMAGES AND
FOR VIOLATIONS OF CIVIL RIGHTS - 5 of 19

**CONNELLY LAW OFFICES, PLLC**
2301 North 30th Street
Tacoma, WA  98403
(253) 593-5100 Phone - (253) 593-0380 Fax

1  detained all four individuals: Anthony Kongchunji, Nicholas Smith, Larry Dunham, and

2  Matthew Dunham.  In the parking lot of Smith's apartment building, the police located the

3  vehicle used in the robbery, a red Nissan pickup belonging to the Dunhams' mother.  The

4  police found a stolen purse and laptop in a nearby dumpster.  The police also found evidence

5  linking these four men to the Turner/Hall robbery.

6      4.6    The police arrested Kongchunji, Smith, and the Dunhams and interrogated

7  them.  Larry Dunham confessed, offering extensive details of the robbery.  Smith also

8  confessed.  Kongchunji asked for an attorney.

9      4.7    Matthew Dunham, who was only 17 years old when he was arrested,

10  repeatedly lied to police about his involvement in the robbery, repeatedly changing his story,

11  and lying about numerous aspects of the robbery.  Matthew Dunham was originally booked

12  and sent to juvenile detention.  Within two days however, he was transferred to the Spokane

13  County Jail where Kongchunji was being held.  Once he was transferred to the Spokane

14  County Jail, Matthew Dunham was able to meet with Kongchunji who was housed in the

15  same section of the jail.  Over the next several weeks, Kongchunji and Dunham talked every

16  day.

17      4.8    The drug-rip robberies were investigated by Spokane County detectives

18  Douglas Marske and William Francis.  Even though there was absolutely no evidence

19  suggesting that Statler, Gassman, and Larson had anything to do with these robberies Marske

20  and Francis set their sights on Statler based on a rumor from a drug dealer.  Marske and

21  Francis then set to work fabricating evidence to convict these young men of this crime.

22      4.9    The investigation was conducted in a substandard and reckless manner.

COMPLAINT FOR DAMAGES AND
FOR VIOLATIONS OF CIVIL RIGHTS - 6 of 19

**Connelly Law Offices, PLLC**
2301 North 30th Street
Tacoma, WA  98403
(253) 593-5100 Phone - (253) 593-0380 Fax

1  Marske and Francis did not look for information leading to who actually committed the crime.

2  Instead, they worked to fabricate evidence in order to convict the Plaintiffs of these crimes.

3  Marske and Francis never sought a search warrant for the home of either Larson or Gassman.

4  Instead, Marske and Francis directed the Department of Corrections to search Statler's home.

5  The search uncovered no evidence related to any of the robberies. Nevertheless, Marske and

6  Francis stayed locked on Statler. Marske and Francis learned that Statler had a friend named

7  Tyler Gassman and decided to implicate him based on this information alone.

### C. Dunham Implicates Statler, Gassman, and "Andy" / "Bobby".

4.10   With their sights set on Statler and Gassman, Marske and Francis began to interrogate seventeen-year-old Matthew Dunham. On May 23, 2008, a month after his arrest Matthew Dunham met with Marske and Francis for a "free talk." Matthew Dunham told the detectives that he committed the Turner/Hall robbery. He also told the detectives that he committed an earlier drug-rip robbery on Dishman road. The Dishman robbery was substantially similar to the Turner/Hall robbery and occurred only 28 hours earlier. However, this time, Matthew Dunham provided Marske and Francis with the information that they had been seeking. For the first time, Matthew Dunham not only implicated Anthony Kongchunji but he also implicated for the first time Paul Statler, Tyler Gassman, and someone named "Andy."

4.11   Marske and Francis drove Dunham around the county wherein he pointed out different residences and described robberies he was involved in or had been told about by Kongchunji. Dunham continued to provide information to Marske and Francis that they failed to follow up on, failed to obtain confirming information, and instead, recklessly

COMPLAINT FOR DAMAGES AND
FOR VIOLATIONS OF CIVIL RIGHTS - 7 of 19

**CONNELLY LAW OFFICES, PLLC**
2301 North 30th Street
Tacoma, WA 98403
(253) 593-5100 Phone - (253) 593-0380 Fax

asserted that it implicated Statler, Gassman, and Larson in these crimes.

4.12    Five days later, on May 23, 2008, Matthew Dunham met again with Marske and Francis. Dunham told the detectives he was also involved in a drug-rip robbery that occurred on E. Cataldo. The E. Cataldo robbery was substantially similar to the Turner/Hall and Dishaman robberies. It occurred at night and involved an assault on a known drug dealer named Eric Weskamp. The suspects wore dark clothes and bandannas, and one had a shotgun. As in the other robberies the robbers left in a red Nissan pickup. The robbery was never reported. There was no investigation of the crime scene and no physical evidence was recovered.

4.13    Again, Dunham told Marske and Francis that he committed the E. Cataldo robbery with Anthony Kongchunji, Paul Statler, Tyler Gassman, and someone named "Andrew." Matthew Dunham repeated the name "Andrew" several times. The Detectives claimed that they tried to identify "Andrew" however their reports contained no information regarding his race, height, address, or relationship to Dunham.

4.14    Within one week of the second meeting, on June 4, 2008, Matthew Dunham obtained a plea agreement with the prosecutor. Dunham faced 30 to 40 years in prison for the crimes that he had committed. Dunham admitted to three armed robberies and faced decades in prison, but the State promised to recommend an "exceptional" sentence of less than 18 months in juvenile detention and that is what he ultimately received. In return, Dunham agreed to testify against his alleged "accomplices."

4.15    Shortly after Matthew Dunham entered into his plea agreement, Marske and Francis learned Paul Statler had a cousin named Robert "Bobby" Larson. Within hours of

COMPLAINT FOR DAMAGES AND
FOR VIOLATIONS OF CIVIL RIGHTS - 8 of 19

CONNELLY LAW OFFICES, PLLC
2301 North 30th Street
Tacoma, WA 98403
(253) 593-5100 Phone - (253) 593-0380 Fax

learning this information the detectives met with Dunham once again and for the first time Dunham's response changed from "Andrew" to "Bobby." Dunham also told them that "Bobby" is Paul Statler's cousin. Dunham had never met Robert Larson and the only way that Dunham would have received this information to change his statement was from Marske and Francis.

4.16   Marske did not document these interviews and did not put any of the information from these interviews into a report. The manner in which Dunham provided this new and previously unknown information was extremely significant and was exculpatory. Marske failed to document this information and it was not provided to the defense. Marske then destroyed the original investigative files.

4.17   Larson, Gassman, and Statler were arrested and agreed to talk to Marske and Francis. Each told them that they had nothing to do with the robberies and maintained their innocence.

4.18   Based on the information provided by Dunham the State charged Paul Statler, Tyler Gassman, and Robert Larson with one count of first degree robbery, two counts of first degree attempted murder, or first degree attempted assault in the alternative, and two counts of drive-by shooting. Each count included a firearm enhancement.

**D. Marske and Francis recklessly change the date of the robbery in order to avoid the Plaintiffs alibi defenses.**

4.19   Marske and Francis' reports indicated that the E. Cataldo robbery occurred on April 15, 2008. The information filed on July 28, 2008, alleged that the crimes had taken place "on or about April 15, 2008." Larson and Statler presented the prosecutor with documented alibis for the date of the E. Cataldo robbery. Larson clocked in at work at 9:48

COMPLAINT FOR DAMAGES AND
FOR VIOLATIONS OF CIVIL RIGHTS - 9 of 19

**Connelly Law Offices, PLLC**
2301 North 30th Street
Tacoma, WA 98403
(253) 593-5100 Phone - (253) 593-0380 Fax

1  p.m. the evening of April 15, 2008, and he remained at work until 6:31 a.m. the following

2  morning.  Statler was home that evening taking a VICAP test, which is a home breathalyzer

3  exam with video.  At 10:01 p.m. on April 15, 2008 Statler blew into the VICAP machine

4  while his picture was taken simultaneously.  These alibi defenses were strong and disproved

5  the State's theory of the case.

6        4.20    Marske and Francis set to work to come up with a theory that would avoid

7  these alibi defenses.  Francis met with Kyle Williams, a witness to the robbery, on October

8  29, 2008.  He told Williams that they were trying to come up with the date of the robbery

9  (although they had already provided a date in the affidavit of probable cause).  According to

10  Francis' report, Williams told him that he was able to locate a phone call from "Rob" that he

11  had received at 0108 hours on April 18, 2008.  From this, Francis allegedly deduced that the

12  robbery would have occurred at about 2200 to 2300 hours on April 17, 2008.  Williams

13  provided Francis with a one page phone print out containing the single call.  Francis

14  investigated the phone number and confirmed that it belonged to Rob Siler.  Francis did not

15  follow up and obtain additional phone records, did not obtain phone records for April 14, 15,

16  or 16 of 2008 or any other day or perform any investigation to verify the date of the crime.

17  Instead, Francis recklessly relied on a single page phone record and then sent an e-mail to the

18  prosecutor that the date of the crime could be changed to April 17, 2008 instead of April 15,

19  2008 therein singlehandedly eliminating Statler, Larson, and Gassman's alibi defenses.

20        4.21    On January 12, 2009, based on information received from Marske and Francis

21  in October, the State moved to amend the Information to "on or about April 17."  Trial

22  counsel opposed the motion to amend, and the court held a hearing on January 12, 2009.  The

23

COMPLAINT FOR DAMAGES AND
FOR VIOLATIONS OF CIVIL RIGHTS - 10 of 19

**Connelly Law Offices, PLLC**
2301 North 30th Street
Tacoma, WA  98403
(253) 593-5100 Phone - (253) 593-0380 Fax

court granted the State's motion to amend, and the trial date was continued for three weeks to February 2, 2009. In granting the motion to amend the court noted the importance of the date change in this particular case stating that the amendment "changes the landscape considerably if you have an alibi defense and you suddenly find that the date is different. You don't have an alibi maybe anymore." The date change changed the landscape of the case considerably. It was done haphazardly and recklessly without performing any investigation. It was done without verifying the phone records from the date that the crime was originally thought to have occurred − which is the date that the crime most likely did occur. It was done without investigating Eric Weskamp's work records or any information to verify when the crime actually occurred. This investigation would have lead to material exculpatory evidence. Proper investigation by Francis would have revealed that this date change was incorrect and that the crime actually occurred on April 15, 2008 as originally provided by Marske in the affidavit of probable cause. This includes, but is not limited to, the failure to investigate Eric Weskamp's work record. Had this occurred Marske and Francis would have found that the information from Rob Siler was wrong. Eric Weskamp left work early on April 16, 2008 from injuries that he sustained in the robbery the night before.

**E. Marske threatens Anthony Kongchunji not to testify in Plaintiffs' defense.**

4.22    On January 26, 2009, shortly before the new trial date, Anthony Kongchunji entered a plea and was sentenced. The next day, January 27, 2009, he came forward and contacted Statler, Gassman, and Larson's attorneys. He told them that Statler, Gassman and Larson were innocent and agreed to testify in their defense. He told them that the crime was perpetrated by himself, along with Matthew Dunham, Larry Dunham, and Nicholas Smith.

COMPLAINT FOR DAMAGES AND
FOR VIOLATIONS OF CIVIL RIGHTS - 11 of 19

**CONNELLY LAW OFFICES, PLLC**
2301 North 30th Street
Tacoma, WA  98403
(253) 593-5100 Phone - (253) 593-0380 Fax

1   That same day a motion for an order holding Kongchunji as a material witness was filed.  The
2   motion stated specifically that Anthony Kongchunji would testify that Mr. Statler was not
3   present at the robbery / criminal incident described in the above captioned information and the
4   anticipated testimony was material and crucial to Mr. Statler's defense.

5       4.23   The next day, Marske transported Kongchunji to a meeting with the prosecutor
6   and the defense attorneys.  Having learned that Kongchunji intended to testify in Statler,
7   Larson, and Gassman's defense, Marske threatened to charge Kongchunji with perjury.  This
8   threat was patently false as Kongchunji's prior statement had not been under oath and no
9   charges could be brought.  However, Marke's threats had their desired effect on Kongchunji.
10  When Kongchunji arrived at the meeting with the prosecutor and defense team he had
11  completely changed his position.  He would not look at the defense attorneys and merely said
12  that he wanted to go to prison.  He refused to testify at trial and told them that if he was called
13  he would not testify.  Based on Marske's direct threats and intimidation which were meant to
14  prevent this witness from testifying Kongchunji was not called to testify in Statler, Larson,
15  and Gassman's defense.

16      4.24   On February 9, 2009, Statler, Gassman, and Larson were tried jointly for the E.
17  Cataldo robbery.  Anthony Kongchunji did not testify and they were convicted based on the
18  snitch testimony of Matthew Dunham alone.  Paul Statler was sentenced to 41.5 years in
19  prison.  Tyler Gassman was sentenced to 25.75 years in prison.  Robert Larson was sentenced
20  to 20 years in prison.

21      4.25   In April, 2009 the Turner/Hall case went to trial.  On April 21, 2009, Anthony
22  Kongchunji was called to testify on behalf of Statler, Gassman, and Larson.  Anthony

COMPLAINT FOR DAMAGES AND
FOR VIOLATIONS OF CIVIL RIGHTS - 12 of 19

**CONNELLY LAW OFFICES, PLLC**
2301 North 30th Street
Tacoma, WA  98403
(253) 593-5100 Phone - (253) 593-0380 Fax

1   Kongchunji testified just as he would have testified in the E. Cataldo case. He testified that

2   the crime was committed by Matthew Dunham, Larry Dunham, Nicholas Smith, and himself.

3   He testified that Paul Statler, Tyler Gassman, and Robert Larson had nothing to do with the

4   Turner/Hall case. The jury found Statler, Gassman, and Larson not guilty of the charges.

5       4.26   The State dismissed the charges in all other cases brought against Statler,

6   Gassman, and Larson related to the drug-rip robberies.

7       4.27   Paul Statler, Robert Larson, and Tyler Gassman did not commit any of the

8   crimes that they were accused of. After over four long years in prison Statler, Gassman, and

9   Larson sought to have their convictions vacated based on newly discovered evidence. This

10  evidence included evidence that the crime actually occurred on April 15, 2008 as opposed to

11  April 17, 2008 which Francis and Marske claimed. It also included the testimony of Anthony

12  Kongchunji that none of them were involved in the crime. Subsequently, Anthony

13  Kongchunji has testified under oath that he committed the E. Cataldo robbery with Nick

14  Smith, Matthew Dunham and Larry Dunham. He testified consistently that Paul Statler,

15  Robert Larson, and Tyler Gassman had nothing to do with any of these robberies.

16  Kongchunji's testimony was material and would have made a difference in the outcome of the

17  E. Cataldo case.

18      4.28   An internal investigation into Marske's and Francis' investigation was

19  conducted by the Spokane County Sheriff's Office. The internal investigation revealed that

20  the investigations were conducted in a substandard and reckless manner, mistakes and

21  assumptions were made, witnesses were not interviewed, cell phone records were not

22  obtained, evidence was not submitted to the crime lab, credibility issues were not

COMPLAINT FOR DAMAGES AND
FOR VIOLATIONS OF CIVIL RIGHTS - 13 of 19

**Connelly Law Offices, PLLC**
2301 North 30th Street
Tacoma, WA 98403
(253) 593-5100 Phone - (253) 593-0380 Fax

investigated, numerous investigative steps were not taken, and inattention to detail occurred.

> *As a result of my extensive review of the reports, affidavits and various other documents related to this series of robberies, as well as my interviews with Sgt. Marske and detectives Elliott, McCrillis and Pannell, I did find several instances where those involved in the investigation could have been more thorough. I found instances where mistakes and assumptions were made that had negative ramifications on an investigation. I found examples where various investigative steps could have been taken to further the investigations but weren't such as re-interviewing victims and witnesses, identifying and interviewing potential witnesses, obtaining cell phone records and submitting evidence to the crime lab. I also found examples where victims, witnesses and suspects could have been more thoroughly interviewed and contradictions in various victims and witnesses statements should have been questioned and clarified. I noted numerous instances where victims and/or witnesses with obvious credibility issues and reasons to be untruthful appeared to be believed with little or no effort made to confirm their veracity. I found numerous examples where investigative steps were taken, such as recovering evidence or interviewing victims, that weren't documented in reports or that weren't documented to the degree that they should have been. Additionally, I found numerous apparent inaccuracies in probable cause affidavits that appeared to be the result of inattention to detail in the preparation or the inclusions of proposed testimony for which no supporting statements could be found.*

These failures to conduct a proper and constitutionally adequate investigation both individually and cumulatively deprived these three young men of a fair criminal proceeding and a fair trial.

**F. Statler, Larson, and Gassman's convictions are vacated based on new previously undisclosed evidence.**

4.29    In 2011, after Statler, Larson, and Gassman had been incarcerated for several years the Innocence Project Northwest ("IPNW") conducted an investigation into this case. The investigation revealed that the convictions had been obtained based on a faulty police investigation that failed to obtain critical evidence. This included the failure to obtain Eric Weskamp's work records for the month of April, 2008. These records showed that he worked every day Monday April 14, 2008 through Friday, April 18, 2008 except for Wednesday April

COMPLAINT FOR DAMAGES AND
FOR VIOLATIONS OF CIVIL RIGHTS - 14 of 19

**CONNELLY LAW OFFICES, PLLC**
2301 North 30th Street
Tacoma, WA 98403
(253) 593-5100 Phone - (253) 593-0380 Fax

1    16, 2008 – the day after the robbery.  Testimony at trial had established that Weskamp had

2    been sent home the day after the robbery placing the robbery on April 15, not April 17th.

3        4.30    Phone records were obtained post conviction that showed substantial collusion between multiple parties including Matt Dunham and Rob Seiler one of the victims.  Matt Dunham had been the State's star witness and had testified that he did not know any of the victims.  The phone records obtained post-conviction established that he had been in communication with one of the victims for several weeks before the robbery.  Given the fact that Rob Seiler was the individual who Francis had associated with the number given to him by Kyle Williams in order to change the date these records were significant and were important in establishing the credibility of the States primary witness – Matt Dunham.

11        4.31    Most significantly, Anthony Kongchunji came forward and provided significant additional information about the crime, the individuals engaged, and completely exonerated Statler, Larson, and Gassman with any involvement in the crime.  Kongchunji also confirmed that he would have provided this testimony at trial had he not been threatened by Marske.

16        4.32    On December 14, 2012, Statler, Gassman, and Larson sought to have their convictions vacated based on this new, previously undisclosed, evidence.  The motions were heard before the Honorable Michael P. Price who found that based on new, previously undisclosed evidence, that the convictions should be vacated.  Judge Price entered findings of fact and conclusions of law on the motions on January 4, 2013 and vacated their convictions.

21        4.33    Even after the convictions were vacated Spokane County did not dismiss the charges.  Instead, it continued in its relentless pursuit of these three innocent young men.  It

COMPLAINT FOR DAMAGES AND
FOR VIOLATIONS OF CIVIL RIGHTS - 15 of 19

CONNELLY LAW OFFICES, PLLC
2301 North 30th Street
Tacoma, WA 98403
(253) 593-5100 Phone - (253) 593-0380 Fax

did so, even though there was no evidence supporting the claims against them and even though Detective Marske had been accused of providing false information in an affidavit several years earlier.

4.34    On May 31, 2013 the Honorable James Triplet entered an order dismissing the charges against Robert Larson based upon insufficient evidence to proceed with trial.

4.35    On July 23, 2013 Judge Triplet entered orders dismissing the charges against both Tyler Gassman and Paul Statler, again, based on insufficient evidence to proceed with trial.

## V.    FIRST CAUSE OF ACTION – FEDERAL CIVIL RIGHTS VIOLATION UNDER 42 U.S.C. § 1983 BY SPOKANE COUNTY, MARSKE, AND FRANCIS

5.1    Defendants Spokane County, Marske, and Francis' conduct constitutes a deprivation of Plaintiffs' federally protected rights under color of law, including the rights to due process and a fair trial guaranteed under the Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. § 1983, by failing to conduct a constitutionally adequate investigation, recklessly failing to follow up regarding critical evidence and witnesses, failing to document key events during the investigation, failing to investigate and obtain evidence verifying the date of the crime, failing to turn over material exculpatory evidence, and by threatening and intimidating a material witness.  This evidence was material and would have made a difference in the outcome.  Defendants' violation of Plaintiffs' constitutionally protected rights was done maliciously and with reckless disregard for Plaintiffs' constitutional rights.

5.2    Defendant Spokane County failed to train and supervise its employees

COMPLAINT FOR DAMAGES AND
FOR VIOLATIONS OF CIVIL RIGHTS - 16 of 19

**CONNELLY LAW OFFICES, PLLC**
2301 North 30th Street
Tacoma, WA 98403
(253) 593-5100 Phone - (253) 593-0380 Fax

(including Det. Marske and Det. Francis) regarding proper investigatory practices, documentation and disclosure of exculpatory evidence, tampering with material witnesses, with deliberate indifference to the likelihood of constitutional violations and wrongful convictions in the absence of proper training. As a result, Det. Marske and Det. Francis used the improper and inadequate investigatory techniques described above and failed to properly document their actions in doing so, failed to follow up regarding material evidence, failed to document and turn over material exculpatory evidence, intimidated, and threatened a material witness, and otherwise fabricated evidence in order to obtain the Plaintiffs convictions. This misconduct has been ratified by Spokane County through an internal review process.

5.3    As a direct and proximate result of Defendants' violation of Plaintiffs' constitutional rights, Plaintiffs suffered damages, including punitive damages against both Det. Marske and Det. Francis, in an amount to be proven at trial.

## VI.    DAMAGES

6.1    As a direct result of Defendants' breach of their legal and constitutional duties and their other misconduct, neglect, acts, and omissions set forth above, Paul Statler, Tyler Gassman, and Robert Larson suffered the following in every year from their arrests in 2008 through their release in 2012, and even thereafter when the County refused to dismiss the charges against them:  false imprisonment; deprivation of constitutional and legal rights; humiliation; fear; scorn; ridicule; indignities and embarrassment; degradation; personal physical bodily injury and sickness; pain and suffering; severe mental anguish; emotional distress; damage to reputation; loss of income; loss of earning capacity; incurred legal fees; loss of and restrictions on all forms of personal freedoms, and suffered other general and

COMPLAINT FOR DAMAGES AND
FOR VIOLATIONS OF CIVIL RIGHTS - 17 of 19

**CONNELLY LAW OFFICES, PLLC**
2301 North 30th Street
Tacoma, WA  98403
(253) 593-5100 Phone - (253) 593-0380 Fax

1    special damages as a result of the defendants' wrongful actions described above to be proven
2    with specificity at trial.

3        6.2    Paul Statler, Tyler Gassman, and Robert Larson spent over four years in prison
4    for crimes they did not commit. Statler, Gassman, and Larson were wrongfully accused, and
5    when the evidence showed that they were not the right suspects, their constitutional rights
6    were violated over and over again by two aggressive detectives and an apathetic County dead
7    set on convicting these three innocent men and keeping them imprisoned. They lost years of
8    their lives. These damages are ongoing and will continue to impact the Plaintiffs for the rest
9    of their lives.

## VII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request a judgment against Defendants SPOKANE COUNTY, DOUGLAS MARSKE AND WILLIAM FRANCIS:

(a) Fashioning an appropriate remedy and awarding general, special, and punitive damages, including damages for pain, suffering, terror, and loss of consortium, pursuant to 42 U.S.C. §§ 1983 and 1988, in an amount to be proven at trial;

(b) Awarding reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988, or as otherwise available under the law;

(c) Declaring the defendants jointly and severally liable;

(d) Awarding any and all applicable interest on the judgment; and

(e) Awarding such other and further relief as the Court deems just and proper.

COMPLAINT FOR DAMAGES AND
FOR VIOLATIONS OF CIVIL RIGHTS - 18 of 19

**CONNELLY LAW OFFICES, PLLC**
2301 North 30th Street
Tacoma, WA 98403
(253) 593-5100 Phone - (253) 593-0380 Fax

1

## VIII.  JURY DEMAND

2  Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs hereby demand a jury for

3  all issues so triable.

4  DATED this 2nd day of December, 2015.

5  CONNELLY LAW OFFICES, PLLC

6

7  By_____
John R. Connelly, Jr., WSBA No. 12183
8  2301 North 30th Street
Tacoma, WA 98403
9  Phone: (253) 593-5100
E-mail: jconnelly@connelly-law.com

10

11
By_____
12  Micah R. LeBank, WSBA No. 38047
2301 North 30th Street
13  Tacoma, WA 98403
Phone: (253) 593-5100
14  E-mail: mlebank@connelly-law.com

15

16

17

18

19

20

21

22

23

COMPLAINT FOR DAMAGES AND
FOR VIOLATIONS OF CIVIL RIGHTS - 19 of 19

CONNELLY LAW OFFICES, PLLC
2301 North 30th Street
Tacoma, WA  98403
(253) 593-5100 Phone - (253) 593-0380 Fax