Case 2:15-cv-00332-TOR    Document 30    Filed 09/20/16

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PAUL E. STATLER, individually, TYLER W. GASSMAN, individually, and ROBERT E. LARSON, individually,<br><br>                  Plaintiffs,<br><br>   v.<br><br>SPOKANE COUNTY, WASHINGTON, a municipal corporation; DOUGLAS MARSKE and WILLIAM FRANCIS,<br><br>                  Defendant. | NO: 2:15-CV-0332-TOR<br><br>ORDER DENYING DEFENDANTS' MOTION TO DISMISS ON THE PLEADINGS |

BEFORE THE COURT are Defendants' Motion to Dismiss on the Pleadings (ECF No. 20), Request to Take Judicial Notice (ECF No. 21) and Defendants' Motion to Strike Plaintiffs' Surreply (ECF No. 28). These matters were heard with oral argument on September 14, 2016. Micah R. LeBank and Meaghan M. Driscoll appeared on behalf of the Plaintiffs. Michael T. Kitson appeared on

ORDER DENYING DEFENDANTS' MOTION TO DISMISS ~ 1

behalf of Defendants. The Court has reviewed the briefing and the record and files herein, heard from counsel and is fully informed.

## BACKGROUND

Plaintiffs assert a federal 42 U.S.C. § 1983 claim arising from an allegedly wrongful conviction by Spokane County. Defendants move to dismiss Plaintiffs' claim as barred by the statutory provisions of the Wrongly Convicted Person's Act, RCW 4.100.080 (WCPA). For the reasons discussed below, the Court will deny the motion.[1]

## FACTS

Plaintiffs Paul Statler, Tyler Gassman, and Robert Larson were charged by Defendant Spokane County with first degree robbery, first degree attempted

---

[1] Plaintiff's opposition, ECF No. 23 at 9-16, raises a constitutional challenge to the WCPA waiver of rights provision. Fed. R. Civ. P. 5.1(a) and (b), requires the filing of a notice of constitutional challenge, service upon the state attorney general, and certification by the court that a statute has been questioned. While Defendants sent notice of Plaintiffs' challenge to the Washington State Attorney General on August 23, 2016, *see* ECF No. 26 at 2, Rule 5.1 has not been satisfied. In any event, the Court may reject the constitutional challenge without response by the attorney general. *See* Rule 5.1(c).

ORDER DENYING DEFENDANTS' MOTION TO DISMISS ~ 2

murder, first degree attempted assault, and drive-by shooting. Plaintiffs were convicted on February 17, 2009, after an 8-day trial. Statler was sentenced to 498 months in prison, Gassman was sentenced to 309 months in prison, and Larson was sentenced to 240 months in prison.

On January 4, 2013, the State Superior Court vacated Plaintiffs' convictions, concluding, *inter alia*, that trial counsel's failure to investigate was especially egregious based upon their failure to discover potentially exculpatory evidence, and that but for trial counsel's unprofessional errors, the result of the proceedings would have been different.

On January 9, 2014, Plaintiffs brought a claim for compensation against the State of Washington under the WCPA. Following a bench trial, the court found in favor of the State. Plaintiffs appealed the ruling, and the Washington State Court of Appeals reversed and remanded in part for further proceedings. On July 28, 2016, the State filed a petition for discretionary review, but the Washington State Supreme Court has not yet ruled on the petition.

In the meantime, on December 2, 2015, Plaintiffs filed the instant action seeking damages under 42 U.S.C. § 1983. Defendants now move to dismiss this action as barred under the statutory language of the WCPA.

**DISCUSSION**

Motions for judgment on the pleadings are governed by Federal Rule of

ORDER DENYING DEFENDANTS' MOTION TO DISMISS ~ 3

Civil Procedure 12(c).  Rule 12(c) provides that a party may move for judgment on the pleadings "[a]fter the pleadings are closed[,] but early enough not to delay trial."  Fed. R. Civ. P. 12(c).  To prevail on such a motion, the moving party must "clearly establish[] on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law."  *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1989).  This standard is "functionally identical" to the standard applicable to a Rule 12(b)(6) motion.  *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 n.4 (9th Cir. 2011).

Defendants move to dismiss Plaintiffs' § 1983 claim as barred under the election of remedy provision of the WCPA.  Defendants do not invoke principles of res judicata, claim preclusion or application of the common law doctrine of election of remedies.  Rather, Defendants only seek dismissal based on the wording of the WCPA, which in relevant part, provides:

> It is the intent of the legislature that the remedies and compensation provided under this chapter shall be exclusive to all other remedies at law and in equity against the state or any political subdivision of the state. As a requirement to making a request for relief under this chapter, the claimant waives any and all other remedies, causes of action, and other forms of relief or compensation against the state, any political subdivision of the state, and their officers, employees, agents, and volunteers related to the claimant's wrongful conviction and imprisonment. This waiver shall also include all state, common law, and federal claims for relief, including claims pursuant to 42 U.S.C. Sec. 1983. A wrongfully convicted person who elects not to pursue a claim for compensation pursuant to this chapter shall not be precluded

ORDER DENYING DEFENDANTS' MOTION TO DISMISS ~ 4

> from seeking relief through any other existing remedy. The claimant must execute a legal release prior to the payment of any compensation under this chapter. If the release is held invalid for any reason and the claimant is awarded compensation under this chapter and receives a tort award related to his or her wrongful conviction and incarceration, the claimant must reimburse the state for the lesser of: . . . .

RCW 4.100.080(1) (2016). The parties dispute whether this statutory provision bars pursuit of a federal claim under 42 U.S.C. § 1983, or just bars double recovery. Confusingly, Defendants contend that the statute is merely a mechanism to prevent double recovery, but then argue that the statute effectuates an election of remedies. Defendants contend that whether or not Plaintiffs collect any money under the WCPA, once they file a WCPA suit, all other suits or claims are barred. At the hearing, Defendants admit the statute is not a model of clarity and admit that the statute does not use typical election of remedies language.

In construing the provisions of a statute, we begin by looking at the language of the statute to determine whether it has plain meaning. *United States ex rel. Hartpence v. Kinetic Concepts, Inc.*, 792 F.3d 1121, 1128 (9th Cir. 2015). "The preeminent canon of statutory interpretation requires us to presume that the legislature says in a statute what it means and means in a statute what it says there. Thus, our inquiry begins with the statutory text, and ends there as well if the [statute's] text is unambiguous." *Id.* (citing *Bedroc Ltd. v. United States*, 541 U.S. 176, 183 (2004)). However, "[s]tatutory language cannot be construed in a

ORDER DENYING DEFENDANTS' MOTION TO DISMISS ~ 5

vacuum. It is a fundamental canon of statutory construction that the words of a statute must be read in their context and with a view to their place in the overall statutory scheme." *Sturgeon v. Frost*, 136 S. Ct. 1061, 1070 (2016) (citation omitted).

It is clear to this Court that the WCPA seeks to prevent double recovery. How it does so is not as clear as Defendants contend. The emphasized relevant language of the statute, omitted by Defendants from their briefing, is plain:

> A wrongfully convicted person who elects not to pursue a claim for compensation pursuant to this chapter shall not be precluded from seeking relief through any other existing remedy. *The claimant must execute a legal release prior to the payment of any compensation under this chapter*.

RCW 4.100.080(1) (emphasis added). Under this language, Plaintiffs are free to pursue a claim under 42 U.S.C. § 1983 until they execute a legal release to all other claims. Plaintiffs must execute a legal release of all their other claims, including § 1983 claims, prior to the payment of compensation under the WCPA. Reading the entire statute in context, this is the time at which Plaintiffs will waive (legally release) their other remedies. *See Yates v. United States*, 135 S. Ct. 1074, 1081-82 (2015) ("the plainness or ambiguity of statutory language is determined not only by reference to the language itself, but as well by the specific context in which that language is used, and the broader context of the statute as a whole." (citation and brackets omitted)). While the statute begins with broad language that "[a]s a

requirement to making a request. . . the claimant waives. . .", it immediately follows with future tense language, not past tense language, indicating the waiver shall include certain things (instead of *e.g.,* "this waiver includes. . ."). Finally, the statute includes the dispositive language as to the timing of this waiver: "The claimant must execute a legal release prior to the payment of any compensation under this chapter."

Under Defendants' reading of the statute, there would be two waivers; the first upon making a request and the second prior to payment. That makes no sense and is rejected by a plain, not contorted reading of the statute. Based upon the plain language of the statute read as a whole, this Court concludes the provisions of the WCPA do not bar Plaintiffs from bringing claims under 42 U.S.C. § 1983, at this time. They have not signed a waiver in return for compensation, yet.

Plaintiffs contend that the provision of the WCPA purporting to waive a claimants rights under § 1983 is unconstitutional in violation of the Supremacy Clause. ECF No. 23 at 9. Plaintiffs contend the waiver of § 1983 rights provision of the WCPA is equivalent to a state grant of immunity that is prohibited. *Id*. at 10-16. Finally, Plaintiffs contend the waiver provision is unenforceable as against public policy. *Id*. at 16-20.

Plaintiffs and Defendants cite a litany of cases, not on point, dealing with a multitude of other statutes, none worded like the WCPA. Accordingly, this Court

finds them unhelpful.  The Court finds the plain language of the WCPA clear, there is no Constitutional conflict nor corresponding public policy concerns.

The overall question here is whether the WCPA remedy provisions bar pursuit of a claim under 42 U.S.C. § 1983.  This Court finds mere pursuit of a claim under the WCPA does not bar a § 1983 claim.  Such claims shall be barred if and when Plaintiffs "execute a legal release [of their other remedial claims] prior to the payment of any compensation under [the WCPA]."  RCW 4.100.080.  Accordingly, this Court denies Defendants' motion.

**IT IS HEREBY ORDERED:**

1. Defendants' Motion to Dismiss on the Pleadings (ECF No. 20) is **DENIED**.

2. Defendants' Request to Take Judicial Notice (ECF No. 21), with which Plaintiffs agreed (ECF No. 24) is **GRANTED**.

3. Defendants' Motion to Strike Plaintiffs' Surreply (ECF No. 28) is **DENIED** as moot.

The District Court Executive is hereby directed to enter this Order and provide copies to counsel.

**DATED** September 20, 2016.



THOMAS O. RICE
Chief United States District Judge

ORDER DENYING DEFENDANTS' MOTION TO DISMISS ~ 8